IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00272-LTB-MEH

LAWRENCE L. MORROW,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC., and
BANK OF NEW YORK,

    Defendants.

_____

ORDER
_____

    On June 7, 2006, I granted the motion of the defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of New York ("BNY") for summary judgment. On the grounds that the claims of the plaintiff, Lawrence L. Morrow, were frivolous and that Mr. Morrow so contractually obligated himself, Countrywide and BNY move for an award of attorney fees. Mr. Morrow has not responded to the motion, despite the passage of two and a half months since its filing. Oral arguments would not materially aid resolution of the motion and I GRANT it.

    The record on summary judgment demonstrated that Mr. Morrow borrowed from Countrywide $218,400.00 for the purchase of a residence, that he secured the loan with a mortgage, that he defaulted, that Countrywide foreclosed on the property, and that Mr. Morrow declined to exercise his right to redeem. After reviewing the evidence I determined that Mr. Morrow's claims – for rescission of the loan agreement, misrepresentation, usury, unjust enrichment, and violation of federal real estate disclosure laws – failed as a matter of law.

By execution of a note, Mr. Morrow agreed to compensate Countrywide for any costs of enforcement, including reasonable attorney fees. The defendants do not argue that their defense of this action constituted enforcement of the note, only that Mr. Morrow by filing here attempted to prevent enforcement. No contractual fee obligation obtains.

Colo. Rev. Stat. § 13-17-102 authorizes awards of attorney fees against plaintiffs who bring a civil action that lacks substantial justification. Subsection 6 of that statute states, in relevant part,

> No party who is appearing without an attorney shall be assessed attorney fees unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious... .

Colo. Rev. Stat. § 13-17-102(6).

Mr. Morrow, appearing *pro se*, did not support his claims by rational arguments or credible evidence. *O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1019 (D. Colo. 1997). Indeed, the record demonstrated beyond dispute that his allegations had no merit; no rational argument based on the evidence or law appears in favor of Mr. Morrow's claims. *Harrison v. Luse*, 760 F. Supp. 1394, 1400 (D. Colo. 1991), *aff'd*, 951 F.2d 1259 (10th Cir. 1991). No irregularities appeared in the closing documents or note, the loan charges were not usurious, no misrepresentations could be discerned, and Mr. Morrow acknowledged at closing the receipt of the funds. Because the record flatly contradicted Mr. Morrow's claims, I can conclude nothing other than that he knew or reasonably should have known that his action was frivolous. The defendants' modest fee expenditures – $8,174 – are reasonable and are properly awarded.

Accordingly, the motion is GRANTED and the defendants are awarded $8,174 in attorney fees.

Dated: September __14__, 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge